THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENNIE SAYEE KOFFA,

        Plaintiff,

    v.

ANDREW, *et al.*,

        Defendants.

CASE NO. C17-1466-JCC

ORDER

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 7) and Plaintiff's motion for deposition (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion to dismiss (Dkt. No. 7) and DENIES the motion for deposition (Dkt. No. 8) for the reasons explained herein.

Pro se Plaintiff Bennie Koffa brings suit against Andrew; Peter's Place Homeless Shelter; Tim Burgess, acting in his official capacity as Seattle's Mayor; Jay Inslee, acting in his official capacity as Washington's Governor; and the U.S. Department of Homeland Security (Dkt. No. 3 at 1–2.) Plaintiff asserts that Defendants "engaged in acts of (systemic) discrimination and defamation against [him] in diverse ways." (*Id*. at 2.) Plaintiff supports this allegation with a description of a single incident—Defendant Andrew, while working at Defendant Peter's Place Homeless Shelter, initially refused to provide Plaintiff a bus ticket on the basis of Plaintiff's race,

although Defendant Andrew shortly thereafter provided Plaintiff the ticket. (*Id*. at 5.) These facts are insufficient to support a claim of discrimination. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Further, for this Court to have federal question jurisdiction over a discrimination claim, the perpetrator must have a relation to a government entity. 28 U.S.C. § 1331. Plaintiff fails to state any facts demonstrating the relationship between Peter's Place Homeless Shelter and the government actors he names as Defendants.

The Court grants pro se litigants greater leeway than represented litigants. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). But such leeway has its limits. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for pro se litigants"). Plaintiff's complaint exceeds those limits.

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 7) is GRANTED without prejudice and Plaintiff's motion for deposition (Dkt. No. 8) is DENIED as moot. The Clerk is DIRECTED to close the case.

DATED this 27th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE